## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| NEW SOURCE ENERGY PARTNERS, L.P., et al.[1], <br> Debtors. | Case No. 16-10642 (CSS) <br> (Jointly Administered) <br><br> **Hearing Date: May 4, 2016 at 12:15 p.m.** <br> **Objection Deadline: April 27, 2016 at 4:00 p.m.** |

**APPLICATION OF DAVID W. CARICKHOFF, CHAPTER 7 TRUSTEE, PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 328(a), BANKRUPTCY RULES 2014(a) AND 2016, AND LOCAL RULE 2014-1 FOR AUTHORITY TO EMPLOY AND RETAIN GIULIANO, MILLER & COMPANY, LLC AS ACCOUNTANTS AND FINANCIAL ADVISORS TO CHAPTER 7 TRUSTEE, *NUNC PRO TUNC* TO MARCH 15, 2016**

David W. Carickhoff, the chapter 7 trustee (the "Chapter 7 Trustee") in the case of the above-captioned debtors (the "Debtors"), hereby respectfully submits this application (the "Application") for an order, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2014-1, for authority to employ and retain Giuliano, Miller & Company, LLC ("GMC") as accountants and financial advisors to the Chapter 7 Trustee, *nunc pro tunc* to March 15, 2016, and respectfully represents as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

---

[1] The Debtors are the following entities: New Source Energy partners, L.P. (16-10642) and New Source Energy GP, LLC (16-10643).

2.    Venue of this case and this Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are sections 327 and 328 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016.

## INTRODUCTION

3.    On March 15, 2016 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

4.    David W. Carickhoff has been appointed as chapter 7 trustee of the Debtors' estates.

5.    The section 341(a) meeting of creditors is scheduled for April 11, 2016.

6.    The Chapter 7 Trustee has decided, subject to this Court's approval, to retain GMC as the Chapter 7 Trustee's accountants and financial advisors in connection with the administration of this chapter 7 case.

## APPLICATION TO EMPLOY AND RETAIN GMC

7.    By this Application, and pursuant to sections 327 and 328 of the Bankruptcy Code, the Chapter 7 Trustee seeks an order approving the employment and retention of GMC as accountants and financial advisors in connection with the Debtor's chapter 7 case, *nun pro tunc* to March 15, 2016.

8.    Section 328(a) of the Bankruptcy Code empowers a chapter 7 trustee appointed under section 701 of the Bankruptcy Code to employ, subject to court approval, a professional to perform services for a chapter 7 trustee under any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis.

9.    Pursuant to section 327 of the Bankruptcy Code, a chapter 7 trustee may employ a professional to assist the chapter 7 trustee in carrying out the trustee's duties only if that

professional is disinterested, as defined in section 101(14) of the Bankruptcy Code, and does not hold or represent an interest adverse to the estate.

10.    GMC has advised the Chapter 7 Trustee that GMC neither holds an adverse interest in connection with the Debtors' case, nor represents any other entity having an adverse interest in connection with the Debtors' case, except as may be set forth in the Declaration of Donna Miller (the "Declaration"), which is annexed hereto as **Exhibit "1."**

11.    The Chapter 7 Trustee has selected GMC because of its experience and knowledge and because of the absence of any conflict of interest.  GMC has advised the Chapter 7 Trustee that GMC may have previously represented, may currently represent, and may in the future represent, in matters totally unrelated to the Debtors' pending chapter 7 case, entities that are claimants of the Debtors or other parties-in-interest in this chapter 7 case.  GMC has not – except as disclosed in the Declaration – and will not represent any such party, or any of their affiliates or subsidiaries, in relation to the Debtors or this chapter 7 case.  The Chapter 7 Trustee believes that GMC is qualified to represent the Chapter 7 Trustee in this case.

12.    The services GMC may be required to render for the Chapter 7 Trustee include, without limitation, the following:

(a)    Coordinating the transition of records to GMCO;

(b)    Inventorying the Debtors' financial records;

(c)    Meeting with and advising the Trustee and/or counsel on matters concerning case administration, as necessary, and potentially preparing the necessary petitions and schedules;

(d)    Performing any review, preparation, or audit of the Debtors' filed tax returns and prepare, if necessary, any additional filings with either the Internal Revenue Service or the relevant state authorities;

(e)    Performing an analysis of the Debtors' books and records regarding potential avoidance actions;

(f)     Researching and advising the Trustee with respect to  funds owed to the Debtors;

(g)     Assisting the Trustee and his retained professionals in analyzing and reconciling to the general ledger and other accounting records and tax returns/notices, as necessary, the claims, including tax claims filed against the Debtors' estates;

(h)     Performing general accounting and tax advisory services to the Trustee regarding the administration of the bankruptcy estate;

(i)     Performing any auditing and/or "forensic accounting" services as required for the Trustee to administer the case;

(j)     If appropriate, assist the Trustee in continuing to perform obligations required of administrator (as defined in Section 3 of the Employee Retirement Income Security Act of 1974) of any employee benefit plans of the Debtors to the extent necessary under 11 U.S.C. §704(a)(11) or otherwise;

(k)     Analyze the financial operations of the Debtors pre and post-petition, as necessary, where the Trustee is considering or is operating under 11 U.S.C. §721;

(l)     Conduct any requested financial analysis including verifying the material assets and liabilities of the Debtors, as necessary, and their values;

(m)    Analyze and advise with respect to any sale of the Debtors' assets;

(n)     Analyze transactions with insiders, related and/or affiliated companies;

(o)     Analyze transactions with the Debtors' financing institutions;

(p)     Assist counsel in preparing for any depositions and testimony, as well as prepare for and provide expert testimony at depositions and court hearings, as requested; and

(q)     Rendering such other assistance as the Trustee and/or his counsel may deem appropriate, including, but not limited to with respect to financial, business and economic issues that may arise.

13.    The Chapter 7 Trustee requests that GMC be compensated on an hourly basis, plus reimbursement of the actual and necessary expenses that GMC incurs, in accordance with the ordinary and customary rates that are in effect on the date the services are rendered.

14.    GMC has advised the Chapter 7 Trustee that GMC's current range of hourly rates are as follows:

| | |
|---|---|
| Senior Member | $625 |
| Manager | $450 - $475 |
| Senior Staff | $375 - $395 |
| Staff | $250 - $295 |
| Paraprofessional | $160 - $180 |

The Chapter 7 Trustee submits that GMC's customary hourly rates are reasonable.

## PROCEDURE

15.    The Chapter 7 Trustee has provided notice of the Application to the U.S. Trustee, counsel for the Debtors and all parties who have filed a notice of appearance in these cases. The Chapter 7 Trustee submits that no other or further notice is necessary or required.

16.    No previous application for the relief sought herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, the Chapter 7 Trustee respectfully requests that this Court enter an order, substantially in the form attached hereto, authorizing the retention of GMC as the Chapter 7 Trustee's accountants and financial advisors *nunc pro tunc* to February 4, 2016, in connection with this chapter 7 case and grant such other and further relief as is just and proper.

Dated:  April 11, 2016                    */s/  David W. Carickhoff*
                                         DAVID W. CARICKHOFF, Chapter 7 Trustee

114093249v1