IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| NEW SOURCE ENERGY PARTNERS, L.P., et. al., | Case No. 16-10642 (CSS) |
| Debtors. | Jointly Administered |
| | Re: Dkt. No. 50, 63, 64, 66, 73, 75 & 76 |

**ORDER PURSUANT TO U.S.C. §§ 105(a), 363, AND 365 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002, 6004, 6006 AND 9014 (I) APPROVING THE SALE OF THE DEBTORS' EQUITY INTERESTS IN CERTAIN NON-DEBTOR SUBSIDIARIES; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS; (III) AUTHORIZING CONSUMMATION OF SALE TRANSACTION; AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion"), of David W. Carickhoff, the chapter 7 trustee (the "Trustee") of the estates of New Source Energy Partners, L.P. ("Energy L.P.") and New Source Energy GP, LLC ("Energy GP" and collectively, with Energy L.P. the "Debtors"), for Entry of an Order Pursuant To U.S.C. §§ 105(a), 363, and 365 and Federal Rules of Bankruptcy Procedure 2002, 6004, 6006 and 9014 (I) Approving the Sale of the Debtors' Equity Interests in Certain Non-Debtor Subsidiaries; (II) Approving the Assumption and Assignment of Executory Contracts Related to the Equity Interests and a Multi-Employer Retirement Plan; (III) Authorizing Consummation Of The Sale Transaction; And (IV) Granting Related Relief; and a hearing having been held on June 27, 2016 (the "Sale Hearing") to consider approval of the sale of the Purchased Assets to Buyer (as well as the assumption by Buyer of the Assumed Contracts) pursuant to the terms and conditions of the Asset Purchase Agreement by and between the Trustee and MCE Acquisition, LLC (as subsequently amended or modified, the "Purchase

NY: 995292-2

Agreement")[1]; and adequate and sufficient notice of the Motion, the Cure Notice, the Purchase Agreement and this Sale Order having been given to all known parties in interest in this case; and all such parties having been afforded an opportunity to be heard with respect to the Motion and all relief requested therein; and the Court having reviewed and considered: (i) the Motion; (ii) the objections thereto, if any; and (iii) the arguments of counsel made, and the evidence proffered or adduced, at the Sale Hearing or submitted in advance of the Sale Hearing; and after due deliberation thereon; and good and sufficient cause appearing therefor, it hereby is

FOUND AND DETERMINED THAT:

A.  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.  This Court has jurisdiction over the Motion and the transactions contemplated by the Purchase Agreement (the "Sale Transaction") under 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

C.  The statutory predicates for the relief sought in the Motion are sections 105(a), 363, and 365 of the Bankruptcy Code, as complemented by Bankruptcy Rules 2002, 6004, 6006 and 9014.

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion, or Purchase Agreement, as applicable.

D. This Sale Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).

E. As evidenced by the affidavits or certificates of service filed with this Court: (i) due, proper, timely, adequate and sufficient notice of the Motion, the Sale Hearing, the Cure Notice, the assumption, assignment and sale of the Assumed Contracts and the other relief granted herein, and a substantially similar form of this Sale Order, have been provided in accordance with Bankruptcy Code sections 102(1), 105(a), 363 and 365 and Bankruptcy Rules 2002, 6004 and 6006; (ii) such notice was good, sufficient and appropriate under the circumstances, and reasonably calculated to reach and apprise all known holders of Interests (as hereinafter defined), and all other parties in interest about the Motion, the Sale Hearing, the Cure Notice, the assumption, assignment and sale of the Assumed Contracts, and the other relief granted herein; and (iii) no other or further notice of the Motion, the Sale Hearing, the Cure Notice, the assumption, assignment and sale of the Assumed Contracts and the other relief granted herein is or shall be required.

F. A reasonable opportunity to object and be heard with respect to the Motion and the relief requested therein has been afforded to all known interested persons and entities, including: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel for Buyer; (iii) Counsel to Bank of Montreal, as administrative agent (the "Prepetition Agent"); (iv) any party known or reasonably believed to have asserted any lien, claim, encumbrance, right of first refusal, or other Interest (as hereinafter defined) in or upon any of the Purchased Assets which are to be sold pursuant to the Purchase Agreement; (v) all known non-Debtor parties to executory contracts proposed to be assumed and assigned under the Purchase Agreement; (vi) any party known or reasonably believed to have expressed an interest in acquiring some or

substantially all of the Purchased Assets; (vii) the Internal Revenue Service; and (viii) any other party entitled to notice pursuant to Bankruptcy Rule 2002 and Local Rule 9013-1(b).

G. As demonstrated by the testimony and/or other evidence proffered or adduced at the Sale Hearing or submitted by affidavit or declaration before the Sale Hearing, (1) the Trustee has appropriately marketed the Purchased Assets; and (2) a full, fair and reasonable opportunity has been given to any interested party to make a higher or better offer for the Purchased Assets.

H. The Bidding Procedures set forth in the Bidding Procedures Order were non-collusive and substantively and procedurally fair to all parties.

I. No Qualified Bids other than the Stalking Horse Bid were submitted before the Bid Deadline. Accordingly, no Auction was held.

J. The Buyer (i) is purchasing the Purchased Assets in good faith and (ii) is a good faith purchaser for value within the meaning of section 363(m) of the Bankruptcy Code and therefore is entitled to the full protections of that provision and any other applicable or similar bankruptcy or non-bankruptcy law. The Buyer otherwise has proceeded in good faith in all respects in connection with this proceeding in that, among other things: (a) the Buyer recognized that the Trustee was free to deal with any other party interested in acquiring the Purchased Assets, (b) the Buyer was subjected to an auction process designed to solicit competitive bids, (c) all payments to be made by the Buyer in connection with the Purchase Agreement have been disclosed, (d) the Buyer has not violated section 363(n) of the Bankruptcy Code by any action or inaction, and (e) the Purchase Agreement was negotiated, proposed and entered into in good faith and from arm's-length bargaining positions with the parties represented by competent counsel of their choosing.

K. The consideration provided by the Buyer pursuant to the Purchase Agreement, including the Purchase Price, is fair and adequate and constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory or possession thereof or the District of Columbia (including the Uniform Fraudulent Transfer Act, Uniform Voidable Transactions Act, and the Uniform Fraudulent Conveyance Act). The Purchase Agreement was not entered into, and neither the Trustee nor the Buyer has entered into the Purchase Agreement or propose to consummate the Sale Transaction, for the purpose of hindering, delaying or defrauding the Debtors' present or future creditors.

L. The Buyer is an "insider" of the Debtors, as that term is defined in section 101(31) of the Bankruptcy Code, and the Debtors have conducted the Sale in good faith and with full disclosure of the insider relationship between the Buyer and the Debtors.

M. Subject to the entry of this Sale Order, the Trustee has full power and authority to execute the Purchase Agreement and all other documents contemplated thereby, and the sale transaction has been duly and validly authorized. No consents or approvals other than those provided for in the Purchase Agreement are required for the Trustee to consummate the sale transaction described therein.

N. The transfer of the Purchased Assets to the Buyer shall be a legal, valid and effective transfer of the Purchased Assets and shall vest the Buyer at Closing with all right, title and interest of the Debtors in and to the Purchased Assets, free and clear of all claims (as defined in Section 101(5) of the Bankruptcy Code, "Claims"), liens (as defined in Section 101(37) of the Bankruptcy Code, "Liens"), encumbrances and all other interests (collectively including each of the foregoing, "Interests"), except for the liabilities assumed by Buyer under the Purchase

Agreement (the "Assumed Liabilities").  Other than the Assumed Liabilities, the Buyer (and its successors and assigns) shall have no obligations with respect to any liabilities of the Debtors.

O. Buyer is not a successor to the Debtors or their respective estates by reason of any theory of law or equity and, to the greatest extent allowed by applicable law, Buyer shall not assume or in any way be responsible for any liability or obligation of any of the Debtors or their respective estates, except as otherwise expressly provided in the Purchase Agreement or this Sale Order.  Buyer is not a continuation of the Debtors or their respective estates and there is no continuity between Buyer and the Debtors and the Sale Transaction does not amount to a consolidation, merger or *de facto* merger of Buyer and the Debtors.

P. A sale of the Purchased Assets other than one free and clear of Interests on the terms set forth herein would be of substantially less benefit to and would adversely affect the Debtors' bankruptcy estates.

Q. The Trustee has, or the Buyer will, including by way of entering into the Purchase Agreement, and the provisions relating to the Assumed Contracts therein (i) cured or will cure any default existing prior to the date hereof under any of the Assumed Contracts that are executory contracts under section 365 of the Bankruptcy Code and (ii) provided or will provide compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default prior to the date hereof under any of the Assumed Contracts, solely in the amount set forth in the Cure Notice, and Buyer has provided adequate assurance of future performance of and under the Assumed Contracts, within the meaning of sections 365(b)(1) and 365(f)(2) of the Bankruptcy Code.  The Buyer's promise to perform the obligations under the Assumed Contracts after the Closing shall constitute adequate assurance of

future performance under the Assumed Contracts being assigned to it within the meanings of sections 365(b)(1)(C) and (f)(2)(B) of the Bankruptcy Code.

R. The Cure Notice (including any supplemental Cure Notice) identifying all executory contracts and unexpired leases that may be assumed and assigned to the Buyer plus the corresponding cure amount was served upon all non-Debtor counterparties to such contracts and leases identified therein as per the affidavits of service filed in these cases. Such notice was good, sufficient and appropriate under the circumstances and no other or further notice need be provided in connection with the assumption and assignment of the Assumed Contracts and fixing of cure amounts related thereto.

S. The Assumed Contracts are assignable notwithstanding any provisions contained therein to the contrary. Failure to object to the assumption and assignment of an Assumed Contract is deemed consent to the assumption and assignment.

T. The Trustee may sell the Purchased Assets to the Buyer free and clear of all Interests (except the Assumed Liabilities) in accordance with, and to the extent permitted by, section 363(f) of the Bankruptcy Code because, in each case, one or more of the standards set forth in sections 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Those holders of Interests against the Debtor, its estates or any of the Purchased Assets who did not object, or who withdrew their objections, to the Motion are deemed to have consented thereto pursuant to section 363(f)(2) of the Bankruptcy Code.

U. It is a reasonable exercise of the Trustee's business judgment to consummate the sale transaction contemplated by the Purchase Agreement, and such actions are in the best interests of the Debtors' estates and its Creditors. The consummation of the sale transaction is

legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f), 363(m), 365(b), and 365(f) of the Bankruptcy Code, and all of the applicable requirements of such sections have been complied with in respect of the sale transaction.

V.   The Purchase Agreement is a valid and binding contract between the Trustee and the Buyer, which is and shall be enforceable against the Buyer and the Trustee according to its terms.

W.   The Trustee has articulated good and sound business reasons for waiving the stay otherwise imposed by Bankruptcy Rules 6004(g), and 6006(d).

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.   The Motion is granted as set forth herein.

2.   Any objections to the entry of this Sale Order or the relief granted herein and requested in the Motion that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are denied and overruled.

### Approval of the Purchase Agreement and the Transactions

3.   The Purchase Agreement and the transactions contemplated thereunder are hereby approved.

4.   The Buyer's offer for the Acquired Assets, as embodied in the Purchase Agreement, is the highest and best offer for the Acquired Assets and is hereby approved.

5. The Trustee is authorized and directed to execute and deliver, and empowered to perform under, consummate and implement the Purchase Agreement, together with all additional instruments and documents that the Buyer reasonably deems necessary or appropriate to implement the Purchase Agreement and effectuate the Sale Transaction, and to take all other and further actions as may be reasonably requested by the Buyer for the purpose of assigning, transferring, granting, conveying and conferring to Buyer or reducing to possession the Purchased Assets, or as may be necessary or appropriate to the performance of the obligations of the Buyer and Trustee as contemplated by the Purchase Agreement.

6. The transfer of the Purchased Assets to the Buyer shall vest the Buyer with all right, title and interest of the Debtors in and to the Purchased Assets, free and clear of all Interests of any kind or nature whatsoever other than the Assumed Liabilities, with all such Interests attaching to the net cash proceeds of the sale in the order of their priority, with the same validity, force and effect that they now have as against the Purchased Assets, subject to any claims and defenses the Trustee or the Debtors' estates may possess with respect thereto. All holders of Interests fall within one or more subsections of section 363(f) of the Bankruptcy Code and are adequately protected by having their interests attach to the net proceeds received by the Trustee.

7. Except for the Assumed Liabilities, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the Purchased Assets shall be transferred to Buyer, and upon the Closing the Buyer shall take the Debtors' title to and possession of the Purchased Assets upon consummation of the Purchase Agreement.

8. Upon the Closing of the Sale, each of the Debtors' creditors and any other holder of an Interest is authorized and directed to execute such documents and take all other actions as may be necessary to release its Interests in the Purchased Assets, if any, as such Interests may have been recorded or may otherwise exist.

9. If any person or entity that has filed financing statements, mortgages, lis pendens or other documents or agreements evidencing Interests in the Purchased Assets (except for the Assumed Liabilities) and has not delivered to the Trustee prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction or releases of all Interests that the person or entity has with respect to the Purchased Assets, then: (a) the Buyer is hereby authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Purchased Assets, and (b) the Buyer is hereby authorized to file, register or otherwise record a certified copy of this Sale Order, which shall constitute conclusive evidence of the release of all Interests in the Purchased Assets of any kind or nature whatsoever. Each governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement.

10. This Sale Order: (a) shall be effective as a determination that, except for the Assumed Liabilities, at Closing, all Interests of any kind or nature whatsoever existing as to the Purchased Assets prior to the Closing have been unconditionally released, discharged and terminated to the Purchased Assets being sold (but not, for the avoidance of doubt, released, discharged or terminated with respect to the proceeds of those Purchased Assets), and that the conveyances described herein have been effected, and (b) shall be binding upon and shall govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents,

title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office or contract to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Purchased Assets.

11. Except for the Assumed Liabilities, the sale, transfer, assignment and delivery of the Purchased Assets shall not be subject to any Interests, and Interests of any kind or nature whatsoever shall remain with, and continue to be obligations of, the Debtors and their estates. Except for the Assumed Liabilities, all persons holding Interests against or in the Debtors or the Purchased Assets of any kind or nature whatsoever hereby are forever barred, estopped and permanently enjoined from asserting, prosecuting or otherwise pursuing such Interests of any kind or nature whatsoever against the Buyer or its officers, directors, shareholders or partners, its property or its successors and assigns or the Purchased Assets, as an alleged successor, to the greatest extent allowable by applicable law, or otherwise, with respect to any Interest of any kind or nature whatsoever such person or entity had, has or may have against or in the Debtors, their estates, their respective officers, directors or shareholders or the Purchased Assets.

12. Any person or entity that is currently, or on the Closing Date may be, in possession of some or all of the Equity Interests and/or any other Purchased Assets is hereby directed to surrender possession of such Equity Interests or other Purchased Assets either to (a) the Trustee before the Closing or (b) to Buyer or its designee upon the Closing.

13. The Trustee is hereby authorized and directed in accordance with sections 105(a), 363 and 365 of the Bankruptcy Code, as applicable, to (a) assume, assign and sell to the Buyer, effective and conditioned upon the Closing, the Assumed Contracts and (b) execute and deliver to Buyer such documents or other instruments as the Buyer deem are necessary or appropriate to assign and transfer the Assumed Contracts to the Buyer.

14. With respect to the Assumed Contracts: (a) the Assumed Contracts shall be transferred and assigned to, and following the Closing of the sale and payment of the cure amount, if any, as set forth in the Cure Notice, shall remain in full force and effect for the benefit of the Buyer, notwithstanding any provision in any such Assumed Contracts (including those of the type described in sections 365(b)(2) and 365(f) of the Bankruptcy Code) that prohibits, restricts or conditions such assignment or transfer and, pursuant to section 365(k) of the Bankruptcy Code, except as expressly otherwise provided in the Purchase Agreement the Debtors' estates shall be relieved from any further liability with respect to Assumed Contracts after such assumption by the Trustee and assignment and sale to the Buyer at Closing; (b) the Trustee may assume each of the Assumed Contracts, to the extent such Assumed Contracts are executory, in accordance with section 365 of the Bankruptcy Code at the Closing, after payment of the applicable cure amount, if any, as set forth in the Cure Notice; (c) the Trustee may assign and sell (at the Closing) each of the Assumed Contracts, regardless of whether any such Assumed Contract is executory, in accordance with sections 363 and/or 365 of the Bankruptcy Code, as applicable, and any provisions in any Assumed Contracts that prohibit or condition the assignment of such Assumed Contracts or allow the party to such Assumed Contracts to terminate, recapture, set off (if not exercised pre-petition), impose any penalty, condition renewal or extension or modify any term or condition upon the assignment of such Assumed Contracts,

constitute unenforceable anti-assignment provisions, which are void and of no force and effect; (d) all other requirements and conditions under sections 363 and 365, to the extent applicable, (including without limitation, the satisfaction of the requirements under Section 365(c)(1)) of the Bankruptcy Code for the assumption by the Trustee and sale and assignment to the Buyer of each of the Assumed Contracts have been satisfied; and (f) upon Closing and after payment of the cure amount, if any, as set forth in the Cure Notice, in accordance with sections 363 and 365 of the Bankruptcy Code, as applicable, the Buyer shall be fully and irrevocably vested in all right, title and interest of each of the Assumed Contracts.

15.  Upon the Debtors' assignment of the Assumed Contracts under this Order, no default shall exist under any of the Assumed Contracts and no counterparty thereto shall be permitted to declare or enforce a default by the Debtor, Trustee or Purchaser thereunder or otherwise take any action. All defaults or other obligations of the Debtors under the Assumed Contracts arising prior to the Closing (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code), are deemed satisfied by the payment of the Cure Costs, if any, with respect to each Assumed Contract in those amounts set forth in the Cure Notice, which was served in conjunction with the Motion, and which were satisfied, or shall be satisfied as soon as practicable, by the Buyer, as the case may be, as provided in the Purchase Agreement.

16.  Upon payment of the cure amount, if any, as set forth in the Cure Notice for each Assumed Contract (to be assumed and assigned under section 365 of the Bankruptcy Code), each non-Debtor party to an Assumed Contract is hereby forever barred, estopped and permanently enjoined from asserting against the Buyer, or the Purchased Assets, any default arising prior to or existing as of the Closing, any indemnification claims or any counterclaim,

setoff (if not exercised pre-petition) or any other Claim asserted or assertable against the Debtors. The validity of such assumption, assignment and sale of the Assumed Contracts, which shall in all events be effective as of the Closing Date, shall not be affected by the pendency or resolution of any dispute between the Trustee and any non-Debtor party to an Assumed Contracts.

17. To the extent a counterparty to any of the Assumed Contracts failed or fails to timely object to a Cure Amount, such Cure Amount shall be deemed to be finally determined and any counterparty shall be prohibited from challenging, objecting to or denying the validity and finality of the Cure Amount at any time.

18. The failure of the Trustee or the Buyer to enforce at any time one or more terms or conditions of any of the Assumed Contracts shall not be a waiver of such terms or conditions, or of the Trustee's and the Buyer' rights to enforce every term and condition of the Assumed Contracts.

19. The Buyer shall have no liability or responsibility for any liability or other obligation of the Debtor or Trustee arising under or related to the Purchased Assets other than the Assumed Liabilities. Without limiting the generality of the foregoing and except as otherwise specifically provided in the Purchase Agreement, the Buyer shall not be liable for any claims against the Debtors or any of their predecessors or affiliates for any obligations of the Debtors arising prior to the Closing, including, but not limited to, liabilities on account of any taxes arising, accruing, or payable under, out of, or in connection with, or in any way relating to the Purchased Assets or the Debtors or Trustee prior to the Closing.

20. To the fullest extent allowed by applicable law, the Buyer shall not be deemed, as a result of any action taken in connection with, or as a result of the Sale Transaction including the transfer and sale of the Equity Interests and other Purchased Assets to: (i) be a successor (or other such similarly situated party) to the Debtors (except as otherwise specified in the Purchase Agreement); or (ii) have, *de facto* or otherwise, merged with or into the Debtors. Except for the Assumed Liabilities, the Buyer is not acquiring or assuming any liens, claims, and other interests, including, without limitation, any liability arising from any of the following: (i) any employment or labor agreements, consulting agreements, severance agreements, change in control agreements or other similar agreements to which the Debtor is or was a party; (ii) any pension, welfare, compensation or other employee benefit plans, agreements, practices, and programs, including without limitation, any pension plan of the Debtors; (iii) the cessation of the Debtors' operations, dismissal of employees, or termination of employment or labor agreements or pension, welfare, compensation or other employee benefit plans, agreements, practices and programs and any obligations with respect thereto that arise from the Employee Retirement Income Security Act of 1974 ("ERISA"), the Fair Labor Standard Act, Title VII of the Civil Rights Act of 1964, the Age Discrimination and Employment Act of 1967, the Federal Rehabilitation Act of 1973, the National Labor Relations Act, the Consolidated Omnibus Budget Reconciliation Act of 1985 or the Worker Adjustment and Retraining Notification Act (the "WARN Act"); (iv) workmen's compensation, occupational disease or unemployment or temporary disability insurance claims; (v) environment liabilities, debts, claims or obligations which may be asserted on any basis, including, without limitation, under the Comprehensive Environmental Response, Compensation and Liability Act or any other environmental, health and safety requirements; (vi) any bulk sales or similar law, (vii) any litigation by or against a Debtor; and (viii)

the laws of the United States, any state, territory or possession thereof, or the District of Columbia, based, in whole or in part, directly or indirectly, in any theory of law or equity, including without limitation, any theory of antitrust or successor or transferee liability. The Buyer and its employees, members, directors, advisors, lenders, affiliates, owners, successors and assigns shall not, to the fullest extent allowed by applicable law, have any successor or vicarious liabilities with respect to the Debtors, the Equity Interests, the other Purchased Assets or any liens, claims, and other interests of any kind or character.

## Additional Provisions

21. Notwithstanding anything to the contrary contained herein, nothing in this Order or the Purchase Agreement shall authorize the assumption, assignment or transfer of that certain Contribution Agreement by and among New Source Energy Partners, L.P. and Kristian B. Kos, Dikran Tourian, Danny R. Pickelsimer, Antranik Armoudian, Deylau, LLC, Signature Investments, LLC and MCE, LLC (the "Contribution Agreement") pursuant to sections 363 or 365 of the Bankruptcy Code or otherwise. Except as set forth in this paragraph, this Order, including the findings of fact and conclusions of law set forth herein, shall not govern, bind, affect or otherwise apply to the Contribution Agreement. All issues in any way relating to the Contribution Agreement, including, but not limited to, the assumption, assignment or transfer of the Contribution Agreement to the Buyer shall be resolved by agreement of the parties and Danny R. Pickelsimer and/or by subsequent order of the Court, and all rights, arguments, objections, claims and defenses assertable by Danny R. Pickelsimer and the parties in connection therewith are hereby fully preserved.

22. The consideration provided by Buyer for the Purchased Assets under the Purchase Agreement is fair and reasonable and may not be avoided under Bankruptcy Code section 363(n).

23. The transactions are undertaken by Buyer without collusion and in good faith, in accordance with Bankruptcy Code sections 363(m) and 363(n). Accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the transactions shall not affect the validity of the sale of the Purchased Assets to Buyer, unless such authorization is duly stayed pending such appeal. Buyer is a good-faith purchaser of the Purchased Assets and is entitled to all of the benefits and protections afforded by Bankruptcy Code section 363(m) and other applicable law.

24. The Purchase Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

25. The failure specifically to include any particular provisions of the Purchase Agreement in this Sale Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Purchase Agreement is hereby authorized and approved in its entirety, as it may be amended or supplemented in accordance with its terms and this Sale Order.

26. To the extent of any conflict between the Purchase Agreement and this Sale Order, then this Sale Order shall govern.

27. This Sale Order and the Purchase Agreement: (a) shall be binding in all respects upon all creditors of and holders of equity interests in the Debtors (whether known or unknown), any holders of Interests, all non-Debtor parties to any of the Assumed Contracts, the Buyer and all successors and assigns of the Buyer, the Trustee, the Debtors and their estates, and the Purchased Assets; and (b) shall not be subject to rejection.

28. Each and every federal, state and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the Sale Transaction.

29. The fourteen-day stay otherwise imposed by Bankruptcy Rules 6004(h), 6006(d) and 7062 is hereby waived, and this Sale Order shall be effective immediately upon entry.

30. This Court shall retain jurisdiction to interpret, implement and enforce this Sale Order.

Dated: June 24, 2016
Wilmington, Delaware

_____
Honorable Christopher S. Sontchi
United States Bankruptcy Judge

113900681v1

114250038v2