# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> NEW SOURCE ENERGY PARTNERS, L.P., *et. al.*, <br><br> Debtors. | Chapter 7 <br><br> Case No. 16-10642 (CSS) <br><br> Jointly Administered <br><br> **Objection Deadline: August 3, 2016 @ 4:00 p.m. (ET)** <br> **Hearing Date: September 7, 2016 @ 12:30 p.m. (ET)** |

**MOTION OF THE CHAPTER 7 TRUSTEE FOR AN ORDER PURSUANT TO 11 U.S.C. § 365(d)(1) & (4) EXTENDING THE DEADLINE TO ASSUME OR REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

David W. Carickhoff, the chapter 7 trustee (the "Trustee") of the bankruptcy estates ("Estates") of New Source Energy Partners, L.P. ("Energy L.P.") and New Source Energy GP, LLC ("Energy GP" and collectively, with Energy L.P. the "Debtors"), hereby moves this Court (the "Motion"), pursuant to sections 365(d)(1) & (4) of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), for the entry of an order granting a ninety (90) day extension of the statutory deadline for the Trustee to assume or reject any contract, lease, sublease, or other agreement that may be considered an executory contract or unexpired lease subject to either section 365(d)(1) or (4) of the Bankruptcy Code. In support of this Motion, the Trustee respectfully states as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this matter under 28 U.S.C. § 1334.

2.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The predicates for the relief sought herein are sections 105 and 365(d)(1) & (4) of the Bankruptcy Code and Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4. On March 15, 2016 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

5. On March 16, 2015, the Trustee was appointed as chapter 7 trustee of the Estates pursuant to section 701(a) of the Bankruptcy Code. The section 341(a) meeting of creditors was held and concluded on April 11, 2016.

6. Prior to ceasing operations, the Debtors focused on the delivery of energy through streamlined operations and vertical integration. The Debtors were actively engaged in the development and production of onshore oil and liquids that extended across conventional resource reservoirs in east-central Oklahoma.

7. According to the Debtors' schedules of assets and liabilities [Dkt. No. 5] (the "Schedules"), Debtor Energy L.P. is a counterparty to the agreements listed on Exhibit A hereto, which agreements may be executory contracts and/or unexpired leases under applicable law (collectively the "Schedules Agreements").[1]

8. In addition, as set forth on 103 total pages of the Debtors' Schedules, Debtor Energy L.P. is a counterparty to numerous oil and gas leases in Oklahoma and, potentially, other states (the "Oil and Gas Leases" and together with the Schedules Agreements and/or any other

---

[1] According to the Schedules, Energy G.P. is not a counterparty to any executory contracts or unexpired leases.

2

executory contracts or unexpired leases to which the Debtors are counterparties, the "<u>Contracts and Leases</u>").[2]  The Oil and Gas Leases listed on the Schedules are attached hereto as <u>Exhibit B</u>.

9. On June 6, 2016, this Court entered an Order [Dkt. No. 70] extending the deadline by which the Trustee must assume or reject the Contracts and Leases under section 365(d)(1) of the Bankruptcy Code through and including July 13, 2016, such that it would align with the Trustee's deadline under section 365(d)(4) of the Bankruptcy Code.

## RELIEF REQUESTED AND BASIS THEREFOR

10. By this Motion, the Trustee seeks to extend the deadline by which he must assume or reject the Contracts and Leases under section 365(d)(1) or (4) of the Bankruptcy Code (as applicable) for a period of ninety (90) days, through and including October 11, 2016.[3]  Such an extension would be subject to and without prejudice to the Trustee's right to request a further extension of the applicable assumption/rejection period.

11. Section 365(d)(1) of the Bankruptcy Code provides in relevant part that "[i]n a case under chapter 7 of this title, if the [T]rustee does not assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60 day period, fixes, then such contract or lease is deemed rejected." 11 U.S.C. § 365(d)(1).

12. Section 365(d)(4)(A) of the Bankruptcy Code provides in relevant part that "an unexpired lease of nonresidential real property under which the debtor is the lessee shall be

---

[2] Inclusion or omission of any executory contract or unexpired lease in or from this Motion does not constitute an admission or concession by the Trustee that such contract or lease is or is not a subject to section 365(d)(1) or (4) of the Bankruptcy Code (as applicable).  Further, the Trustee reserves any and all rights, claims and defenses with respect to the characterization of any agreement under section 365 of the Bankruptcy Code or otherwise.  Finally, the term "Contracts and Leases" does not include any contracts or leases rejected or assumed and assigned by the Trustee pursuant to an Order of this Court.

[3] This is the Trustee's first request to extend the deadline under section 365(d)(4) of the Bankruptcy Code, and therefore, does not require the consent of the applicable lessor. <u>See</u> 11 U.S.C. § 365(d)(4)(B)(ii).

3

deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by…. the date that is 120 days after the date of the order for relief..." 11 U.S.C. § 365(d)(4)(A). However, section 365(d)(4)(B) provides that "[t]he court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause." 11 U.S.C. § 365(d)(4)(B)

13. Sections 365(d)(1) & (4) of the Bankruptcy Code along with Bankruptcy Rule 9006(b) collectively permit the extension requested herein upon a showing of cause. See 11 U.S.C. § 365(d)(1) & (4); Fed. R. Bankr. P. 9006(b)(1) (when an act is required or allowed to be done at or within a specified period… the court **for cause shown** may at any time in its discretion… order the period enlarged…) (emphasis added). Ultimately, the decision to grant an extension is left to the sound discretion of this Court. See e.g. South Street Seaport Ltd. P'ship v. Burger Boys, Inc. (In re Burger Boys, Inc.), 94 F.3d 755, 761 (2d Cir. 1996).

14. Here, cause is easily met and the Court should exercise its discretion to grant the requested extension. The Trustee believes that the Contracts and Leases may have value for the Estates, and failure to obtain the requested extension would hinder the Trustee's ability to maximize value. The Trustee requires an extension of time so that he may more fully analyze and consider how and if they may provide additional value to the Estates.

15. The Trustee intends for the extension to apply to of each and every executory contract and unexpired lease to which either Debtor is a counterparty, regardless of whether: (i) such executory contract or unexpired lease is described herein or listed on the exhibits to this Motion or (ii) a non-debtor contract/lease counterparty receives notice of this Motion.[4] See In re

---

[4] To be clear, the Trustee intends to serve this Motion on counterparties to the Schedules Agreements. To the best of the Trustee's knowledge at this time, those are the only agreements which may be characterized as executory

American Healthcare Mgmt., Inc., 900 F.2d 827, 830 (5th Cir. 1990) (holding that an order extending time for a debtor to assume or reject leases may be entered by the bankruptcy court without affording other parties notice and hearing); Fed. R. Bankr. P. 9006(b)(1) ("when an act is required or allowed to be done at or within a specified period… the court for cause shown may at any time in its discretion *with or without motion or notice* order the period enlarged if the request therefor is made before the expiration of the period originally prescribed…") (emphasis added); 3 Collier on Bankruptcy ¶ 365.05 (16th ed.) ("The request for an extension need not necessarily be on notice to the other party to the contract. Depending upon the circumstances, the request might be general or specific.").

### BRIDGE ORDER NOT REQUIRED

16.    Pursuant to Del. Bankr. L.R. 9006-2, by virtue of the filing of this Motion, the assumption/rejection periods under sections 365(d)(1) & (4) of the Bankruptcy Code are automatically extended until the Court acts on this Motion, without the need for the entry of a bridge order. See Del. Bankr. L.R. 9006-2.

### NOTICE

17.    Notice of this Motion has been provided to: (a) the Debtors; (b) the Office of the United States Trustee; (c) the non-debtor counterparties to the Schedules Agreements; (d) counsel to the agent for the Debtors' prepetition secured lenders; and (e) any party filing a request for notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Trustee submits that no other or further notice is necessary or required.

---

contracts and/or unexpired leases under applicable law. The Trustee is currently analyzing the nature of the Oil and Gas Leases, however, preliminarily, he believes the Oil and Gas Leases, which appear to be largely (if not completely) Oklahoma agreements, are not executory contracts or unexpired leases and are not subject to section 365 of the Bankruptcy Code. See e.g. In re Clark Res., Inc., 68 B.R. 358, 358 (Bankr. N.D. Okla. 1986) ("The interest created in favor of the Debtor under the [oil and gas] Lease is merely a license to explore, not an interest in real property. As such the [oil and gas] Lease is not within the scope of section 365.")

**WHEREFORE**, for the reasons stated herein, the Trustee respectfully requests that the Court grant the relief requested in this Motion, enter an Order substantially in the form attached hereto, and grant such other and further relief as the Court deems just and proper.

Dated: July 12, 2016 /s/ Alan M. Root
Alan M. Root (No. 5427)
ARCHER & GREINER, P.C.
300 Delaware Avenue, Suite 1100
Wilmington, DE 19801
Telephone: 302-777-4350
Facsimile:  302-777-4352
E-mail: aroot@archerlaw.com

Counsel for the Chapter 7 Trustee

114562269v1