# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| NEW SOURCE ENERGY PARTNERS, L.P., *et. al.*, | Case No. 16-10642 (CSS) |
| Debtors. | Jointly Administered |
| DAVID W. CARICKHOFF, solely in his capacity as Chapter 7 Trustee of New Source Energy Partners, L.P., *et. al.*, | Adversary No. 19-50100 (CSS) |
| Plaintiff, | |
| v. | |
| DANNY PICKELSIMER, | |
| Defendant. | **Objection Deadline: 4/19/19 @ 4:00 p.m. (ET)** <br> **Hearing Date: 5/15/19 @ 10:30 a.m. (ET)** |

## CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER APPROVING STIPULATION WITH DANNY PICKELSIMER

David W. Carickhoff, chapter 7 trustee (the "Trustee") for the bankruptcy estates (the "Estates") of the above-captioned debtors (the "Debtors"), hereby moves this Court (this "Motion") for entry of an Order approving the *Stipulation and Mutual Release* (the "Stipulation")¹ with Danny Pickelsimer ("Defendant"). In support thereof, the Trustee respectfully states as follows:

### JURISDICTION

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

¹ A true and correct copy of the Stipulation is attached hereto as Exhibit A.

2. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief sought herein are section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3. On March 15, 2016 ("Petition Date"), the Debtors commenced cases (the "Chapter 7 Cases") by filing voluntary petitions for relief in the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court") under chapter 7 of the Bankruptcy Code.

4. On March 16, 2016, the Trustee was appointed as chapter 7 trustee of the Estates pursuant to section 701(a) of the Bankruptcy Code.

5. Prior to the Petition Date, the Debtors were companies engaged in the business of the delivery of energy through streamlined operations and vertical integration. The Debtors were actively engaged in the development and production of onshore oil and liquids that extended across conventional resource reservoirs in east-central Oklahoma.

6. On December 2, 2016, Defendant filed proof of claim no. 21 (as subsequently amended, the "Proof of Claim") in the chapter 7 bankruptcy case of Debtor New Source Energy Partners, L.P. The Proof of Claim asserts a general unsecured claim in the amount of $1,408,212, based on that certain Contribution Agreement dated as of November 12, 2013 (the "Contribution Agreement").

7. On February 7, 2019, the Trustee filed the above-captioned adversary proceeding (the "Adversary Proceeding"), seeking to disallow or, in the alternative, subordinate the Proof of Claim.

8. Rather than proceed with litigation, the Parties engaged in good faith, arms' length negotiations to resolve any disputes regarding the Proof of Claim, the Adversary Proceeding and the Contribution Agreement.

9. Those negotiations resulting in execution of the Stipulation. Pursuant to the terms of the Stipulation: (i) the Proof of Claim will be disallowed in its entirety, (ii) the Trustee will dismiss the Adversary Proceeding and (iii) the parties will release all claims relating to the Adversary Proceeding, the Proof of Claim and the Contribution Agreement.[2]

## RELIEF REQUESTED AND BASIS THEREFOR

10. By this Motion, the Trustee seeks entry of an Order, substantially in the form attached hereto, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, approving the Stipulation.

11. Bankruptcy Rule 9019 provides that "[o]n motion by the [T]rustee and after notice and a hearing, the court may approve a compromise or settlement. Fed. R. Bankr. P. 9019(a); *see also Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996). In addition, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order… that is necessary or appropriate to carry out the provision of this title." 11 U.S.C. § 105(a).

12. In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Id.* at 393. In striking this balance, the Court should consider "(i) the probability of success in the litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the

---

[2] This includes a release of Defendant's wholly-owned entity, Allegiant Energy Services, LLC.

expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors." *Id.*

13. Bankruptcy Rule 9019(a) commits the approval or rejection of a settlement to the sound discretion of the Bankruptcy Court. *In re Michael*, 183 B.R. 230, 232 (Bankr. D. Mont. 1995). However, "[c]ompromises are favored in bankruptcy" and courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. *Martin*, 91 F.3d. at 393-395.

14. To that end, a settlement should be approved if it falls above the lowest point on the continuum of reasonableness. "[The] responsibility of the bankruptcy judge . . . is not to decide the numerous questions of law and fact raised by the appellants but rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Planned Protective Servs., Inc.*, 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991); *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976) (court should not conduct a "mini-trial" on the merits of a proposed settlement). Thus, the question is not whether a better settlement might have been achieved or a better result reached if litigation pursued. Instead, the court should approve settlements that meet a minimal threshold of reasonableness. *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994); *In re Tech. for Energy Corp.*, 56 B.R. 605, 608 (Bankr. N.D. Ohio 1985).

15. A review of the relevant factors and standards demonstrates that the Stipulation should be approved. The Stipulation provides for disallowance of the largest remaining unsecured claim in the Debtors' cases (one that exceeds $1.4 million). This is the very result the Trustee sought when filing the Adversary Proceeding. By entering into the Stipulation, the Trustee achieved his desired result without undertaking the expense of further litigation. As a

result, the Trustee respectfully submits that the compromise reached is fair, reasonable, and in the best interest of the Estates and creditors. The settlement is founded on the exercise of the Trustee's sound business judgment, and is above the "lowest point in the range of reasonableness."

## NOTICE

16. Notice of this Motion has been given to: (a) the Office of the United States Trustee; (b) all parties that have previously requested notice in these cases pursuant to Bankruptcy Rule 2002; and (c) counsel for the Defendant. Such notice is reasonable in light of the circumstances of these Chapter 7 Cases and the nature of the relief sought herein.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that this Court enter the attached Order granting the Trustee's Motion, approving the Stipulation, and granting such other and further relief as the Court deems just and equitable.

Dated: March 28, 2019                **ARCHER & GREINER, P.C.**

/s/ *Alan M. Root*
Alan M. Root (No. 5427)
S. Alexander Faris (No. 6278)
300 Delaware Ave., Suite 1100
Wilmington, DE 19801
Telephone: (302) 777-4350
Facsimile: (302) 777-4352
Email: aroot@archerlaw.com

*Attorneys for the Chapter 7 Trustee*