**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>NEW SOURCE ENERGY PARTNERS, L.P., *et al.*,<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 16-10642 (CSS)<br>(Jointly Administered) |
| DAVID W. CARICKHOFF, solely in his capacity as chapter 7 trustee for the estates of New Source Energy Partners, L.P. *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>ERICK FLOWBACK SERVICES, LLC,<br><br>Defendant. | Adv. No. 18-50317 (CSS)<br><br>**Hearing Date: 5/15/19 @ 10:30 a.m.**<br>**Objection Deadline: 5/8/19 @ 4:00 p.m.** |

**CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER APPROVING SETTLEMENT WITH ERICK FLOWBACK SERVICES, LLC**

David W. Carickhoff, chapter 7 trustee (the "Trustee") for the bankruptcy estates (the "Estates") of the above-captioned debtors (the "Debtors"), hereby moves this Court (this "Motion") for entry of an Order approving the settlement of his avoidance action against Erick Flowback Services, LLC (the "Defendant"). In support thereof, the Trustee respectfully states as follows:

## JURISDICTION

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

1 The Debtors are the following entities: New Source Energy Partners, L.P. (16-10642) and New Source Energy GP, LLC (16-10643).

2. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief sought herein are section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3. On March 15, 2016 ("Petition Date"), the Debtors commenced cases (the "Chapter 7 Cases") by filing voluntary petitions for relief in the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court") under chapter 7 of the Bankruptcy Code.

4. On March 16, 2016, the Trustee was appointed as chapter 7 trustee of the Estates pursuant to section 701(a) of the Bankruptcy Code.

5. Prior to the Petition Date, the Debtors were companies engaged in the business of the delivery of energy through streamlined operations and vertical integration. The Debtors were actively engaged in the development and production of onshore oil and liquids that extended across conventional resource reservoirs in east-central Oklahoma.

6. In accordance with his duties under the Bankruptcy Code, the Trustee reviewed the Debtors' financial books and records and investigated potential avoidance actions under chapter 5 of the Bankruptcy Code. After reviewing the Debtors' books and records, the Trustee identified certain parties who had received allegedly avoidable transfers, including the Defendant.

7. On March 15, 2018, the Trustee filed an action against the Defendant seeking to avoid and recover, pursuant to Bankruptcy Code Sections 547, 548, and 550, a certain alleged preferential and/or fraudulent transfer (the "Transfer") made by New Source Energy Partners,

L.P. (the "Transferor Debtor") to the Defendant in an amount alleged to be not less than $750,000 ("Lawsuit").

8. Since filing the Lawsuit, the Trustee and the Defendant conducted negotiations regarding the Trustee's complaint and any arguments or defenses the Defendant may assert with respect to the Lawsuit. The negotiations were conducted at arm's length and in good faith.

9. The Defendant has denied any liability and has asserted various arguments and defenses, alleging that the Transfer is not subject to avoidance on various grounds. The Trustee has considered and analyzed these arguments and defenses in detail.

10. As a result of substantial negotiations the Trustee and the Defendant have entered into, subject to Bankruptcy Court approval, a settlement agreement (the "Settlement Agreement"), a copy of which is attached hereto as Exhibit A.

## MATERIAL TERMS OF SETTLEMENT AGREEMENT

11. Because the Settlement Agreement is attached hereto and is incorporated herein by reference, the Trustee will not repeat every term of the Settlement Agreement in this Motion. However, certain material terms are highlighted below.[2]

(a) Settlement Amount. Within five (5) business days after entry of a final non-appealable Order approving the Settlement Agreement, Defendant shall pay to the Trustee the total sum of $25,000 US in full and complete settlement of the Transfer ("Settlement Amount").

(b) Settlement Effective Date. The effective date of the Settlement Agreement and all of its terms shall be the date upon which all of the following have occurred: (i) entry of a final non-appealable Order approving the Settlement Agreement; and (ii) receipt by the Trustee of the Settlement Amount in good funds ("Settlement Effective Date").

[2] The description of the Settlement Agreement contained herein is summary in nature only and is not intended to alter or modify any terms of the Settlement Agreement. To the extent that there are any inconsistencies with the Settlement Agreement, the terms of the Settlement Agreement shall control.

(c) Mutual Releases. The Settlement Agreement contains mutual releases, which, upon the Settlement Effective Date, will release all claims relating to the Transfer and the Lawsuit.

(d) Section 502(h) Claim. Defendant shall have thirty (30) days from the Settlement Effective Date to file any claim under section 502(h) of the Bankruptcy Code, otherwise any such claim shall be deemed waived.

**RELIEF REQUESTED AND BASIS THEREFOR**

12. By this Motion, the Trustee seeks entry of an Order, substantially in the form attached hereto, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, approving the Settlement Agreement.

13. Bankruptcy Rule 9019 provides that "[o]n motion by the [T]rustee and after notice and a hearing, the court may approve a compromise or settlement. Fed. R. Bankr. P. 9019(a); *see also Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996). In addition, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order… that is necessary or appropriate to carry out the provision of this title." 11 U.S.C. § 105(a).

14. In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Id.* at 393. In striking this balance, the Court should consider "(i) the probability of success in the litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors." *Id.*

15. Bankruptcy Rule 9019(a) commits the approval or rejection of a settlement to the sound discretion of the Bankruptcy Court. *In re Michael*, 183 B.R. 230, 232 (Bankr. D. Mont. 1995). However, "[c]ompromises are favored in bankruptcy" and courts generally defer to a

trustee's business judgment when there is a legitimate business justification for the trustee's decision. *Martin*, 91 F.3d. at 393-395.

16. To that end, a settlement should be approved if it falls above the lowest point on the continuum of reasonableness. "[The] responsibility of the bankruptcy judge . . . is not to decide the numerous questions of law and fact raised by the appellants but rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Planned Protective Servs., Inc.*, 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991); *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976) (court should not conduct a "mini-trial" on the merits of a proposed settlement). Thus, the question is not whether a better settlement might have been achieved or a better result reached if litigation pursued. Instead, the court should approve settlements that meet a minimal threshold of reasonableness. *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994); *In re Tech. for Energy Corp.*, 56 B.R. 605, 608 (Bankr. N.D. Ohio 1985).

17. A review of the relevant factors and standards demonstrates that the settlement with the Defendant should be approved. The Trustee and his professionals have invested time and effort in analyzing the transfers made to the Defendant. Similarly, the Trustee considered all arguments and defenses asserted, as well as the analyses provided, by the Defendant. Based on his analysis, the Trustee believes that any litigation over the Transfer would be time consuming, difficult and expensive with uncertain results.

18. The Trustee believes that the Defendant likely could assert a very substantial or perhaps even a complete defense to the Lawsuit. As a result, the Trustee respectfully submits that the compromise reached is fair, reasonable, and in the best interest of the Estates and

creditors. The settlement is founded on the exercise of the Trustee's sound business judgment, and is above the "lowest point in the range of reasonableness."

**NOTICE**

19. Notice of this Motion has been given to: (a) the Office of the United States Trustee; (b) all parties that have previously requested notice in these cases pursuant to Bankruptcy Rule 2002; and (c) counsel to the Defendant. Such notice is reasonable in light of the circumstances of these Chapter 7 Cases and the nature of the relief sought herein.

**CONCLUSION**

**WHEREFORE**, the Trustee respectfully requests that this Court enter the attached Order granting the Trustee's Motion, approving the settlement with the Defendant, and granting such other and further relief as the Court deems just and equitable.

Dated: April 24, 2019

**ARCHER & GREINER, P.C.**

*/s/ Alan M. Root*

Alan M. Root (No. 5427)
S. Alexander Faris (No. 6278)
300 Delaware Ave., Suite 1100
Wilmington, DE 19801
Telephone: (302) 777-4350
Facsimile: (302) 777-4352
Email: aroot@archerlaw.com

*Attorneys for the Chapter 7 Trustee*