**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>NEW SOURCE ENERGY PARTNERS, LP, *et al.*,<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 16-10642 (CSS)<br>(Jointly Administered)<br><br>**Re: Dkt. No. 116** |

**AGREED ORDER AMENDING FINAL ORDER (I) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION, (III) MODIFYING THE AUTOMATIC STAY AND (IV) APPROVING SHARING AGREEMENT**

David Carickhoff, Chapter 7 Trustee (the "Trustee") for the estates (the "Estates") of the above-captioned debtors (collectively, the "Debtors") and Bank of Montreal, as administrative agent (the "Agent") for the Lenders, as defined in that certain Credit Agreement, have requested that the Court enter an Order amending (the "Amendment") that certain *Final Order (I) Authorizing the Trustee to Use Cash Collateral, (II) Granting Adequate Protection, (III) Modifying the Automatic Stay, and (IV) Approving Sharing Agreement* [Dkt. No. 116] (the "Final Cash Collateral Order").[2]

The Court having been fully advised of relevant facts and circumstances surrounding the Amendment; and it appearing that approval of the Amendment is fair and reasonable and in the best interests of the Estates and its creditors; and after due deliberation and consideration, and for good and sufficient cause appearing therefore;

[1] The Debtors are the following entities: New Source Energy Partners, LP; and New Source Energy GP, LLC.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Final Cash Collateral Order.

**THE AMENDMENT IS APPROVED, THE FINAL CASH COLLATERAL ORDER IS HEREBY AMENDED SOLELY AS SET FORTH HEREIN, AND THE COURT FINDS AND ORDERS AS FOLLOWS:**

1. Avoidance Action Proceeds. During the course of these cases the Trustee has recovered $225,000 in connection with the settlement of chapter 5 causes of action (the "Avoidance Action Proceeds"). The Lender Parties shall not receive any distribution from or share in the Avoidance Action Proceeds in connection with the Lender Parties' deficiency claim or otherwise. All fees and expenses incurred by the Trustee's professionals in connection with the investigation and/or prosecution of chapter 5 causes of action shall be satisfied solely from the Avoidance Action Proceeds and shall not satisfied from the proceeds of the Lender Parties' Collateral.

2. Amended Budget. The Court is advised that, consistent with paragraph 6(a) of the Final Cash Collateral Order and footnote 3 thereof, the Trustee and the Agent previously negotiated and agreed on an increased Budget (the "Amended Budget"). To avoid any confusion, the original Budget referenced by the Final Cash Collateral Order is replaced in its entirety by the Amended Budget which is attached hereto as Exhibit A.

3. Disbursement of Excess Budget Reserve. Within five (5) business days of entry of this Order, the Trustee shall pay not less than $505,000 to the Agent from amounts previously reserved by the Trustee to fund the Administrative Carve-Out consistent with the Amended Budget. In the event that there are additional surplus funds in the Administrative Carve-Out, after satisfaction of all allowed chapter 7 administrative expenses, such surplus funds shall be paid to the Agent in accordance with any Order of Distribution entered in these cases or in accordance with the Final Cash Collateral Order.

4. Increase in Commission Carve-Out: Upon entry of this Order, the cap on the Commission Carve-Out set forth in paragraph 6(c) of the Final Cash Collateral Order shall automatically be increased from $200,000 to $400,000. For the avoidance of doubt, the Trustee shall be entitled to use Avoidance Action Proceeds to satisfy his commission to the extent it exceeds the Commission Carve-Out cap.

5. Effect of Amendment. Except as expressly set forth herein, the terms of the Final Cash Collateral order are not altered and remain in full force and effect.

216533544v3

**EXHIBIT A**

**Amended Professional Fee Budget**

| Archer & Greiner | Giuliano Miller & Co. | Polsinelli |
|---|---|---|
| $400,000 | $960,000 [1] | $320,000 |

[N1] Includes increased $600,000 reserve for tax return work. Any fees of PricewaterhouseCooppers are included in and to be satisfied from this budget line item.

Dated: June 20th, 2019
Wilmington, Delaware

CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE